IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:07-CV-1905-O |
| TRINITY INDUSTRIES, INC., and TRINITY RAIL GROUP, LLC., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's Order (doc. 31), Defendants Trinity Industries, Inc. and Trinity Rail Group, LLC's (collectively "Defendants") Motion for Partial Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c) and Brief in Support has been referred to the United States Magistrate Judge for hearing, if necessary, and recommendation. Plaintiff Norfolk Southern Railway Company ("Plaintiff") filed a response on May 14, 2008 (doc. 26) and Defendants replied on June 2, 2008 (doc. 34). After receiving leave of the Court, Plaintiff filed a sur-reply on June 18, 2008 (doc. 41). The Court denied Defendants leave to file a response to the sur-reply. The Court heard the motion on June 24, 2008. After considering the arguments, the Court recommends that the District Court **GRANT** Defendants' motion for partial judgment on the pleadings.

**BACKGROUND**

Plaintiff brought this action alleging implied and express warranty claims under the Uniform Commercial Code ("UCC") on railcars it purchased from Thrall Car Manufacturing Company and Trinity Rail Group, LLC. (Def.'s Mot. Partial J. On Pleadings at 1.) One thousand three hundred

1

nineteen of these railcars were purchased in 1998 and 1999 ("98-99 railcars") (*Id.*) The remaining 299 railcars were purchased in 2004 ("04 railcars"). (*Id.*) Delivery of the 98-99 railcars began in June 1998 and ended in May 2000. (Pl.'s Resp. at 2.)

In 1999, various defects in the railcars became evident. (*Id.*) These defects related to the four "Seal Safe" doors, which were attached at each end of a railcar. (*Id.*) Because of the defect, the Seal Safe doors had the potential to separate from the railcar and fall onto persons or property. (*Id.*) Whenever Plaintiff contacted Defendants about the defects, Defendants told Plaintiff that they were aware of the defects, it was their responsibility to correct them, and that they were working on both interim and permanent solutions to the problems created by the defects. (*Id.*) Despite repeated assurances by the Defendants that they were about to solve the problem with a new bolt or new cable, the defects were not fix until March 2007. (*Id.*)

Defendants filed this motion for partial judgment on the pleadings alleging that Plaintiff's claims relating to the 98-99 railcars are barred by the statute of limitations set forth by the UCC. Plaintiff does not dispute that the statute of limitation has run. However, Plaintiff argues that Defendants are equitably estopped from asserting the statute of limitations as a defense because Plaintiff reasonably relied on the assurances by Defendants that they would fix the defects.

**STANDARD OF REVIEW**

FEDERAL RULE OF CIVIL PROCEDURE 12(c) allows parties to move for judgment on the pleadings after the pleadings are closed, but within such time as to not dely the trial. "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter*

2

*& Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). The same standard is used when deciding a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

Therefore, when deciding a motion for judgment on the pleadings, the Court accepts as true all well-pleaded facts and views those facts in a light most favorable to the Plaintiff. *Id.* While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964–65 (2007). Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## ANALYSIS

Defendants argue Plaintiff's claims on the 98-99 railcars are barred by the statute of limitations. While Plaintiff does not dispute that the statute of limitations has run, it argues that Defendants are equitably estopped from asserting the statute of limitations defense. Defendants claim that because Plaintiff has not successfully pleaded the elements of equitable estoppel in its complaint, judgment on the pleadings is proper.

Plaintiff argues that because the issue of equitable estoppel is substantive, Illinois law is controlling. Defendants disagree, and argue that Texas law controls because equitable estoppel is

procedural. The Court need not determine which law is controlling because the Court finds that Plaintiff has failed to plead the elements of equitable estoppel under either Illinois or Texas law.

### A. Illinois Law

Plaintiff argues that, under Illinois law, a defendant will be estopped from asserting a statute of limitations defense when the plaintiff reasonably relied on the defendant's conduct. (Pl.'s Resp. at 5–6.) The general rule for equitable estoppel is that "where a person by his or her statements and conduct leads a party to do something that the party would not have done but for such statements and conduct, that person will not be allowed to deny his or her words or acts to the damage of the other party." *Geddes v. Mill Creek Country Club*, 196 Ill.2d 302, 313 (2001). The Illinois Supreme Court has identified six factors that must be plead in order to establish equitable estoppel.

> (1) the other party misrepresented or concealed material facts; (2) the other party knew at the time the representations were made that the representations were untrue; (3) the party claiming estoppel did not know that the representations were untrue when the representations were made and when they were acted upon; (4) the other party intended or reasonably expected the representations to be acted upon by the party claiming estoppel or by the public generally; (5) the party claiming estoppel reasonably relied upon the representation in good faith and to their detriment; and (6) the party claiming estoppel has been prejudiced by his reliance on the representations.

*Parks v. Kownacki*, 193 Ill.2d 164, 180, 737 N.E.2d 287, 296 (2000) (citing *Vaughn v. Speaker*, 126 Ill.2d 150, 162–63, 533 N.E.2d 885 (1988)). Therefore, a plaintiff's reasonable reliance on a defendants statements and conduct is only one of the elements of equitable estoppel in Illinois. *Id.* Equitable estoppel does not apply unless the plaintiff has also plead a misrepresentation or concealment of a material fact. *Id.* This decision effectively rejected the string of Illinois case that "appear[ed] to recognize equitable estoppel in a broader sense." *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006). Equitable estoppel is applied in Illinois "most typically in situations where the

4

defendant has 'lulled' the plaintiff into delaying suit, either by promising not to plead a limitations defense or by concealing evidence that the plaintiff needed to determine the existence of her claim." *Id.*

Plaintiff argues that even after *Parks* there is no requirement that a plaintiff must plead or prove that the defendant intentionally misled or deceived the plaintiff for the purpose of inducing delay. In support of this argument, Plaintiff relies on several cases; however, the vast majority of these cases were decided before *Parks*. Plaintiff points to two cases decided after *Parks*, *Geddes* and *DeLuna v. Burciaga*, 223 Ill.2d 49 (2006). In both of those cases, however, the Illinois Supreme Court reiterated the *Parks* equitable estoppel elements. *See Geddes*, 196 Ill.2d at 313–14; *DeLuna*, 223 Ill.2d at 82. While the court also notes that the defendant need not intentionally mislead the client, this statement does not excuse a plaintiff's failure to plead the first two elements required by *Parks*. Plaintiff fails to point to any post-*Parks* law that supports such a theory.

Moreover, in both *Geddes* and *DeLuna*, the first two *Parks* elements were plead. In *Geddes*, Plaintiffs agreed to the placement of a golf fairway adjacent to their land and then filed suit against Defendants when golf balls landed on their property. *Geddes*, 196 Ill.2d at 314–15. In *DeLuna*, an attorney told his client that the client's lawsuit was going well, when in fact it had been dismissed due to the attorney's decision not to attach a required affidavit. *DeLuna*, 223 Ill.2d at 57. There existed in both cases a misrepresentation or concealment that the other party knew at the time was.

While Illinois law may not require the plaintiff to show that the misrepresentation was made with the intent to induce delay; a misrepresentation, nonetheless must be alleged in the pleadings. Plaintiff has not argued, either in its complaint, briefs, or oral argument, that Defendants engaged in any type of misrepresentation or concealment. Plaintiff instead alleges that Defendants

5

acknowledged the defect and told Plaintiff that it was working to fix the problem. There is no allegation that Defendants knew that this representation was untrue when it was said. Moreover, the problem was eventually fixed. Therefore, Plaintiff has failed to plead the first two elements of equitable estoppel, and Defendants are entitled to judgment on the pleadings.

Plaintiff also argues, in its sur-reply, that Defendants confuse the principles of equitable tolling with equitable estoppel. While it is true that equitable tolling and equitable estoppel are distinct principles, the Seventh Circuit has recognized that the Supreme Court of Illinois treats both rules similarly. *Hollander v. Brown*, 457 F.3d 688, 694 n. 3 (7th Cir. 2006). Both equitable tolling and equitable estoppel work "to suspend the limitations period when 'the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way.'" *Id.* (citing *Clay v. Kuhl*, 189 Ill.2d 603, N.E.2d 217, 221 (2000)). The *Hollander* court additionally explicitly recognizes *Parks* as an equitable estoppel case. *Id.* By failing to plead that Defendant misrepresented or concealed material facts that Defendant knew to be untrue at the time, Plaintiff has failed to show that Defendants should be estopped from asserting the statute of limitations.

**B. Texas Law**

In its response to Defendant's motion, Plaintiff recognizes that Texas has employed a multi-factor test that is similar to Illinois' six-factor test. The Texas Supreme Court has found that "the doctrine of equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy*,

6

962 S.W.2d 507, 515–16 (Tex. 1998). As stated above, Plaintiff does not dispute that it has not satisfied these elements.

Instead, Plaintiff argues that it is premature for the Court to determine that Plaintiff cannot satisfy these elements. (Pl.'s Resp. at 11.) Accordingly, Plaintiff requests that, should the Court apply Texas law, the Court deny the motion without prejudice so that it could be considered again at the summary judgment stage. (*Id.*) To prevent a time barred claim from being dismissed, a plaintiff must alleges facts in the complaint that if true satisfy the elements of equitable estoppel. *See Doe v. Linam*, 225 F. Supp.2d 731, 737 (S.D. Tex. 2002) (dismissing a time barred claim because the plaintiff was unable to establish equitable estoppel under Texas law); *Onyebuchi v. Volt Mgmt. Corp.*, No. 4:04-CV-576-A, 2005 WL 1981393 (N.D. Tex. March 31, 2005) (finding that the plaintiff's allegations do not warrant the application of equitable estoppel and dismissing the plaintiff's claim based on the statute of limitations). It is undisputed that Plaintiff's claim is barred by the statute of limitations. Plaintiff's allegations in it complaint, even when taken as true, fail to support the elements of equitable estoppel in Texas. Accordingly, the Court finds that judgment on the pleadings is proper.

## CONCLUSION

Plaintiff has failed to plead the elements for equitable estoppel under either Illinois or Texas law. Defendants, therefore, cannot be estopped from using the statute of limitations as a defense. It is undisputed that the statute of limitations has run on any claims relating to the 98-99 railcars. Therefore, the Court recommends that the District Court **GRANT** Defendants' motion for partial judgment on the pleadings, and dismiss Plaintiffs' claims relating to the 98-99 railcars.

In Plaintiff's sur-reply, it asks for leave to file an amended complaint should that Court

7

determine that its initial complaint has not been sufficiently plead, so that Plaintiff could add "specific allegations that [it] reasonably relied on the representations and conduct of Defendants during the running of the limitations period, and this its reliance on those representations and acts caused it to forebear pursuing claims for breach of warranty." (Pl.'s Sur-Reply at 8.) Even if the Court were to allow Plaintiff to file an amended complaint, Plaintiff has still not pleaded any misrepresentation or concealment. Accordingly, the Court finds that allowing the submission of the amended complaint would be futile.

**SO ORDERED**. July 8, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).