# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |  |
|---|---|---|
| **NORFOLK SOUTHERN RAILWAY COMPANY,** Plaintiff, | § § § § § | |
| v. | § § | **No. 3-07-CV-1905-F** |
| **TRINITY INDUSTRIES, INC., and TRINITY RAIL GROUP, LLC,** Defendants. | § § § § | |

## ORDER REJECTING MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION

BEFORE THE COURT are Magistrate Judge Paul Stickney's Findings, Conclusions, and Recommendation (Docket No. 45), filed July 8, 2008, Defendants' Motion for Partial Judgment on the Pleadings (Docket No. 22), filed April 21, 2008, Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings (Docket No. 26), filed May 14, 2008, Defendants' Reply in Support of Motion for Partial Judgment (Docket No. 34), filed June 2, 2008, Plaintiff's Sur-Reply in Opposition to Defendants' Motion (Docket No. 41), filed June 18, 2008, Plaintiff's Objections to Magistrate Judge's Findings, Conclusions, and Recommendation (Docket No. 48), filed July 23, 2008, Defendants' Response to Plaintiff's Objections (Docket No. 52), filed August 22, 2008, Plaintiff's Reply in Support of Plaintiff's Objections (Docket No. 56), filed September 10, 2008, Plaintiff's letter brief (Docket No. 77), filed February 13, 2009, and Defendants' letter brief (Docket No. 78), filed February 17,

2009. The parties appeared before the Court for a hearing on this matter on February 11, 2009. Upon consideration of the parties' briefings, the facts, and the applicable law, the Court is of the opinion that the Magistrate Judge's Findings, Conclusions, and Recommendation (Docket No. 45) should be REJECTED and Defendants' Motion for Partial Judgment on the Pleadings (Docket No. 22) should be DENIED.

At the outset, it must be noted that the law in this area is a minefield and that the Magistrate Judge traversed the minefied in a careful way. That this Court reached a different conclusion on the merits in no way diminishes the excellent effort of the Magistrate Judge. Indeed, it is because of the Magistrate Judge's excellent work that this Court has been able to reach its own conclusions.

## I. Background

Plaintiff Norfolk Southern Railway Company ("Plaintiff") has brought suit against Defendants Trinity Industries, Inc. and Trinity Rail Group, LLC. ("Defendants") for breach of express and implied warranties under the Uniform Commercial Code ("UCC) on rail cars ("Autoracks") that Plaintiff purchased from Thrall Car Manufacturing Company and Trinity Rail Group, LLC.   Plaintiff purchased 1,319 Autoracks in 1998 and 1999 ("98-99 Autoracks"), and purchased an additional 299 Autoracks in 2004 ("04 Autoracks"). *Compl.* ¶¶ 12, 19.

Plaintiff alleges that the Autoracks it purchased were defective due to problems with the four "SealSafe" doors on each end of the Autoracks.  These doors could potentially separate from the Autorack and fall on persons or property in close proximity to the Autorack.

*Id.* ¶¶ 29, 32.  In its Complaint, Plaintiff states that these defects started becoming apparent in 1999, and that over the next two years Autorack defects were reported throughout the industry.  *Id.* ¶¶ 27, 29, 32.  On the various occasions that Plaintiff contacted Defendants about the defects, Defendants told Plaintiff that they were aware of the defects and that they were working on both interim and permanent solutions to the problems that the defects created.  Despite Defendants' repeated assurances that they were close to solving the problems, Defendants were not able to realize a solution until 2007.

Defendants have moved for a partial judgment on the pleadings alleging that Plaintiff's claims related to the 98-99 Autoracks are barred by the UCC's four-year statute of limitations, as Plaintiff brought this suit in November 2007.  Plaintiff received four different shipments of the 98-99 Autoracks between June of 1998 and May of 2000.  *Id.* ¶ 14.  Plaintiff admits that the statute of limitations has run, but argues that Defendants are equitably estopped from asserting the statute of limitations as a bar to Plaintiff's claims.

## II. Standard of Review

In general, the District Court reviews a Magistrate Judge's Report and Recommendation for findings and conclusions that are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.1989). However, if a party files specific objections to a Report within ten days of service, the Court reviews the controverted findings *de novo.* 28 U.S.C. § 636(b)(1).

In the present case, Plaintiff timely objected to the Magistrate Judge's Report and Recommendation. *See* Pl.'s Objection (Docket No. 48). Thus, the Court reviews the findings

*de novo.* Upon *de novo* review, the Court may accept, reject, or modify in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1). *De novo* review requires that the Court not merely review the Magistrate Judge's Recommendation, but consider the relevant evidence of record. *See e.g., In re Griego*, 64 F.3d 580 (10th Cir. 1995).

### III. Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) allows parties to move for judgment on the pleadings after the pleadings are closed, but within such time as to not delay trial. "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotation omitted). The same standard is used when deciding a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Therefore, all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. Fed. R. Civ. P. 12(d).

To survive a 12(b)(6) motion, a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pled complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 1965.

## IV. Choice of Law

Under the UCC, parties may choose to have their rights and obiligations governed by the substantive law of any state that bears a reasonable relationship to the transaction. *See* UCC § 1-105(1). The "Terms and Conditions" that were part of Plaintiff's purchase orders for the 98-99 Autoracks were silent as to choice of law considerations. The "Terms and Conditions" that Defendants submitted for the 98-99 Autoracks and for the 04 Autoracks identify Illinois law as the law governing the parties' rights and obligations under their contract. As Defendants manufactured and sold the Autoracks in Illinois, Illinois bears a reasonable relationship to the sale of the Autoracks and Illinois substantive law should apply to issues and disputes arising from the parties' agreement.

However, because Plaintiff filed this suit in Texas, Texas law applies for procedural matters. *See Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 194 (Ill. 2002) (holding that the forum state's law governs the timeliness of UCC Section 2-725 claims even when parties have choice of law provisions selecting another state's law). The parties agree that statutes of limitations are procedural in nature, and that therefore the Texas UCC statute of limitations applies. *See also Johansen v. E.I. du Pont de Nemours & Co.*, 810 F.2d 1377, 1380-81 (5th Cir. 1987) (holding that "the limitation period for the UCC remedies

for breach of implied and express warranties" is procedural rather than substantive).

## A. Texas's Statute of Limitations

Under the Texas UCC, claims for breach of both implied and express warranties must be brought within four years of the delivery of goods, regardless of when any alleged defects are discovered. TEX. BUS. & COM. CODE § 2.725(a)-(b). The parties agree that, pursuant to the Texas UCC, the statute of limitations on Plaintiff's implied warranty claims began to run on the dates that Plaintiff took delivery of the Autoracks, and that the statute of limitations on Plaintiff's express warranty claims began to run on the date that the two-year express warranty expired. Additionally, Plaintiff agrees that statute of limitations periods were not tolled and expired before Plaintiff filed this case. Nonetheless, Plaintiff claims that Defendant is equitably estopped from raising the statute of limitations as a defense to Plaintiff's claims.

## B. Equitable Estoppel

The doctrine of equitable estoppel is "deeply rooted in the equitable principle that no one should be permitted to profit from his own wrongdoing in a court of justice." *Morgan v. Neiman-Marcus Group, Inc./Neiman Marcus Direct*, 2005 WL 3500314, *5 (N.D. Tex. 2005) (citing *McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 865 (5th Cir. 1993). It bars or estops a party from raising an otherwise-valid defense like the statute of limitations when the party has taken active steps to prevent a plaintiff from suing in time. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990).

The parties disagree as to whether the doctrine of equitable estoppel is a substantive law issue to which Illinois law applies or whether it is a procedural issue concerning the application of the accrual and tolling of the statute of limitations to which Texas law applies.

If equitable estoppel is procedural, the Court must apply Texas equitable estoppel law. *See*

*Singletary v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*, 9 F.3d 1236, 1242 (7th Cir. 1993).

If equitable estoppel is substantive, the Court must apply Illinois equitable estoppel law.

Unfortunately, the case law addressing the intersection of equitable estoppel, statutes of

limitations, and choice of law is not entirely clear as to which state's law should apply in this

instance.

　　While most courts agree that equitable estoppel is an equitable principle, some case law

states that equitable estoppel serves to toll statutes of limitations, thus implying that courts

should treat it as a procedural matter or an element of the statute of limitations such as tolling

and accrual.[1] *See Cada v. Baxter Healthcare Corp.*, 920 F.2d at 450-51 (7th Cir. 1990).  In

*Barry v. Donnelly*, the Fourth Circuit Court of Appeals held that the forum state's law applied

to "all matters involving the application of the statute of limitations, including whether and

how the statute may be tolled by a particular event." 781 F.2d 1040, 1042 n.4 (4th Cir. 1986).

The *Barry* court applied Virginia's (the forum state) statute of limitations and doctrine of

equitable estoppel, but applied the District of Columbia's substantive law to the underlying

issue in the case. *Id.* at 1042 & n.3.

　　While instructive, the Court finds these cases to be of minimal authority.  In *Barry*,

there is no indication that the plaintiff argued that the court should have considered equitable

estoppel to be independent from the statute of limitations nor sought to have the court apply

---

[1] Generally, accrual and tolling set the dates on which limitation periods begin and
end. "Accrual is the date on which the statute of limitations begins to run." *Cada v.
Baxter*, 920 F.2d 446, 450 (7th Cir. 1990).  Tolling temporarily suspends the running of
the limitations period, "even if the accrual date has passed." *Id.*

the District of Columbia's doctrine of equitable estoppel. And while *Cada* states that equitable estoppel is a tolling doctrine, the court goes on to note that equitable estoppel is "a general equity principle not limited to the statute of limitations context." 920 F.2d at 450.

Defendants cite *Singletary v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago* for the proposition that courts cannot employ a "hybrid" approach that would graft one state's accrual rules onto another state's statute of limitations period. 9 F.3d 1236, 1242 (7th Cir. 1993). The plaintiff in *Singletary* wanted the court to recognize Illinois' five-year statute of limitations and Oklahoma's accrual rules, specifically Oklahoma's rule that "a claim does not accrue until the plaintiff knows both that he has been injured and who the injurer is." *Id.* (internal citation omitted).

As with *Cada*, *Singletary* also states that equitable estoppel is a tolling doctrine that "suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing[.]" *Id.* at 1241. However, even if equitable estoppel suspends the running of the statute of limitations, *Singletary* does not state that equitable estoppel is part of the "accrual rules." In the instant case, Plaintiff has not claimed that equitable estoppel tolled or otherwise affected the accrual date for the statute of limitations. To the contrary, Plaintiff agrees with Defendants that the relevant limitations periods accrued when Plaintiff took delivery of the Autoracks and when the express warranties expired. Because no court, including the *Singletary* court, has determined that equitable estoppel affects accrual, the Court must conclude that it is not an "accrual rule" that must be treated as a part of the statute of limitations.

*Singletary* also points out that equitable estoppel and equitable tolling are distinct legal

concepts. *Id*. Unlike equitable estoppel, equitable tolling is triggered when a plaintiff is "unable to obtain vital information bearing on the *existence* of his claim," despite the plaintiff's diligence. *Cada*, 920 F.2d at 451 (emphasis added). While cases like *Singletary* and *Cada* state that equitable estoppel suspends the statute of limitations, they do not take the next step and conclude that equitable estoppel is a procedural part of the statute of limitations. Neither these cases nor *Barry* go as far as to indicate that equitable estoppel is not a substantive issue.

Defendants also cite *Porter v. Charter Med. Corp.* as an opinion which applied the forum state's law to the statute of limitations period, tolling, accrual, and equitable estoppel. *Def.'s Letter Brief*, at 4. In *Porter*, the court explained that the forum's statute of limitations did "not abolish fraudulent concealment as an equitable estoppel to the affirmative defense of limitations under the statute," and went on to apply fraudulent concealment to the statute of limitations. 957 F.Supp. 1427, 1436 (N.D. Tex. 1997) (citing *Borderlon v. Peck*, 661 S.W.2d 907, 908-09 (Tex. 1983)). *Borderlon* states that fraudulent concealment is based on equitable estoppel, but explains that fraudulent concealment estops a defendant who has fraudulently concealed a claim from relying on the statute of limitations until the opposing party learns or should have learned of the right of action. 661 S.W.2d at 908.

*Borderlon*'s definition of fraudulent concealment more closely resembles equitable tolling than equitable estoppel. As explained above, when a plaintiff knows he has a claim but a defendant acts to prevent the plaintiff from suing in time, equitable estoppel is triggered. When a plaintiff is unable to obtain vital information bearing on the existence of his claim despite his diligence, equitable tolling is triggered. Moreover, *Borderlon* states that the

"estoppel effect of fraudulent concelment ends when party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Id.*, 909. *Borderlon*'s definition of fraudulent concealment is more like equitable tolling than like equitable estoppel.

Similarly, the court in *Klein v. O'Neal, Inc.* also applied the forum state's doctrine of fraudulent concealment in its statute of limitations analysis and stated that the doctrine of fraudulent concealment "rests on the doctrine of equitable estoppel." 2008 WL 2152030 (N.D. Tex. 2008). In *Klein*, the court explained that fraudulent concealment is triggered "[w]hen a defendant has fraudulently concealed the facts forming the basis of the plaintiff's claim[.]" 2008 WL 2152030 at *2. The Court does not deny that fraudulent concealment is related to equitable estoppel. However, fraudulent concealment is a separate doctrine from equitable estoppel, and it is much more closely related to equitable tolling than to equitable estoppel.

Courts in both Texas and Illinois have acknowledged the understandable confusion about the differences between equitable estoppel and equitable tolling. The Fifth Circuit has stated that "[s]everal courts, including the Supreme Court in *Irwin*, have used the terms 'equitable tolling' and 'equitable estoppel' interchangeably." *McAllister v. F.D.I.C.*, 87 F.3d 762, 767 n.4 (5th Cir. 1996) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1991)). The *McAllister* court then explains that a defendant's false statements that lulled a plaintiff into not filing suit involve equitable estoppel but not equitable tolling. *Id.* Similarly, in *Smith v. City of Chicago Heights*, the Seventh Circuit noted that "Illinois' doctrine of equitable tolling is not well formulated and appears to blend elements of equitable tolling and

equitable estoppel." 951 F.2d 834, 839 n.5 (7th Cir. 1992). *Smith* goes on to distinguish equitable tolling from equitiable estoppel, explaining that tolling is a part of a state's limitation period whereas equitable estoppel is independent of the limitations period. *Id.* at 840 (citing *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1070 (7th Cir. 1978)).

The Court is persuaded by *Bomba v. W.L. Belvidere, Inc.* and the line of cases that follow it. In *Bomba*, the United States Court of Appeals for the Seventh Circuit stated that equitable estoppel "is not concerned with the running and suspension of the limitations period, but rather comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forebearing suit within the applicable limitations period." 579 F.2d at 1070.

*Bomba* also states that equitable estoppel's application "is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice." *Id.* Because of the authority holding that equitable estoppel, unlike equitable tolling, is separate and distinct from the statute of limitations, the Court cautiously concludes that equitable estoppel should be viewed as a substantive claim that will be considered under Illinois law.

## V. Equitable Estoppel Under Illinois Law

Illinois courts have relied on two standards for establishing equitable estoppel over the last several decades. In 1978, the Seventh Circuit Court of Appeals held that under Illinois law, "it is not necessary that the defendant intentionally mislead or deceive the plaintiff, or

even intend by its conduct to induce delay. Rather, all that is necessary for the invocation of the doctrine of equitable estoppel is that the plaintiff reasonably rely on the defendant's conduct or representations in forebearing suit." *Bomba*, 579 F.2d at 1071 (7th Cir. 1978). Illinois courts applied this standard for the decade that followed. *See generally Witherell v. Weimer*, 421 N.E.2d 869, 875-76 (Ill. 1981); *AXIA, Inc. v. I.C. Harbour Construction Co.*, 150 Ill. App.3d 645, 656 (Ill. App. 1986).

In 1988, the Illinois Supreme Court set out the following six factors as the elements of equitable estoppel: (1) the defendant misrepresented or concealed material facts; (2) the defendant knew at the time it made its representation that the representation was untrue; (3) the plainitiff claiming estoppel did not know that the representation was untrue when the defendant made the representation and when the plaintiff acted upon it; (4) the defendant intended or reasonably expected the plaintiff to act upon the representation; (5) the plaintiff reasonably relied upon the representation in good faith and to its detriment; and (6) the plaintiff has been prejudiced by its reliance on the representation. *Vaughn v. Speaker*, 533 N.E.2d 885, 890 (Ill. 1988). During the next decade, the Illinois Supreme Court did not consistently apply the *Vaughn* six-factor test, and in at least one case relied on the "all that is necessary" test without mentioning the six-factor test. *See Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 632 (Ill. 1994) (citing *Witherell*).

In 2000, in *Parks v. Kownacki*, the Illinois Supreme Court restated the *Vaughn* six-factor test without referring to the "all that is necessary" test set out in *Witherall* or *Jackson Jordan*. 737 N.E.2d 287, 296 (Ill. 2000). The *Parks* court appeared to reject the "all that is necessary test," as it explained that "[w]ithout the misrepresentation or concealment of a

material fact, equitable estoppel does not apply." *Id.* As both parties concede, courts regularly cited to *Parks* and the six-factor test after 2000. *See Pl.'s Objection*, at 7; *Defs.' Resp to Pl.'s Objection*, at 12.

However, in 2006 the Illinois Supreme Court restated the earlier "all that is necessary" standard and explained that courts need not consider whether a defendant's conduct was intentional for equitable estoppel purposes. *DeLuna v. Burciaga*, 857 N.E.2d 229 (Ill. 2006). In *DeLuna*, the Illinois Supreme Court restated the six elements set out in *Vaughn* and *Parks*, but in the very next sentence noted that "[i]t is not necessary that the defendant intentionally mislead or deceive the plaintiff, or even intend by its conduct to induce delay. All that is required is that the plaintiff reasonably relied on the defendant's conduct or representations in delaying suit." *Id.* at 249 (citing *Jackson Jordan*, quoting *Witherell*, quoting *Bomba*). Most recently, in *Orlak v. Loyola Univ. Health Sys.*, the Illinois Supreme Court cited this *DeLuna* passage with both equitable estoppel standards. 885 N.E.2d 999, 1011 (Ill. 2007). Neither *DeLuna* nor *Orlak* clearly overrule or limit either the *Vaughn* six element test or the "all that is necessary" test for equitable estoppel, and it is against this backdrop that the Court must determine which standard should be applied in the instant case.

Defendants cite *Hollander v. Brown*, a 2006 case in which the Seventh Circuit Court of Appeals relied on the *Parks* decision. *See Hollander v. Brown*, 457 F.3d 688 (7th Cir. 2006). The Court does not find *Hollander* to be controlling in this case for several reasons. First, the Seventh Circuit decided *Hollander* before the Illinois Supreme Court decided

*DeLuna* and *Orlak*, apparently reviving the "all that is necessary standard."[2]  Additionally, *Hollander* relied on *Parks* to explain that equitable estoppel cannot rest on reprisal but instead requires misrepresentation or concealment.  457 F.3d at 694.  As to equitable estoppel itself, the court noted that it "express[ed] no view, of course, on whether *Parks* announced the correct approach or on whether it applied the doctrine of equitable estoppel correctly to the facts before it." *Id.* at 695.

Plaintiff relies on *Axia, Inc. v. I.C. Harbour Construction Co.* for the proposition that "[t]he general rule is that where a party by its statements or conduct leads another to do something he would not have done but for the statements or conduct of the other, the one guilty of the expressions or the conduct will not be allowed to deny his utterances or acts to the damage of the other party." 150 Ill. App. 3d 645, 652 (Ill. App. 1986) (internal citation omitted).

While *Axia* was decided prior to the Illinois Supreme Court's decisions in *Vaughn* or *Parks*, Plaintiff claims that Defendants' assertions that they would provide a remedy for the defective Autoracks and their failure to do so in the present case is most analogous to the issue the Illinois Court of Appeals decided in *Axia*.   In *Axia*, the defendant investigated alleged defects in its building and unsuccessfully attempted to remedy the defects.  After the plaintiff filed the suit, the defendant raised the statute of limitations as a defense, but the court found that the defendant's investigation and attempt to remedy equitably estopped the defendant from raising the statute of limitations as a defense.

---

[2]  Hollander was decided August 9, 2006, and DeLuna was decided October 5, 2006.

*Axia* was decided by an intermediate court before the Illinois Supreme Court set out the six factors in *Parks*, particularly the first two factors requiring that the defendant knowingly misrepresent or conceal material facts.   Instead, it cites to authority including *Witherell*. 150 Ill. App. 3d 645, 652. *Witherell* itself cites to *Bomba*'s "all that is necessary" standard. 421 N.E.2d 869, 875-76.

Because *Orlak* and *DeLuna*, the most recent authority, were decided after *Parks* and nonetheless cite the pre-*Parks* "all that is necessary" standard from decisions such as *Jackson Jordan*, *Witherell*, and *Bomba* as controlling authority, the Court must conclude that the "all that is necessary" standard is still applicable, and that if Plaintiff meets the pleading requirements set out in these cases, the Court cannot grant Defendants' Motion for Partial Judgment on the Pleadings.  By pleading that it reasonably relied on Defendants' assertions that they would remedy the defective Autoracks and Defendants' failure to timely do so, Plaintiff has shown that Defendants should be estopped from asserting the statute of limitations as a defense.

## VI. Conclusion

Because Plaintiff has sufficiently pled its equitable estoppel claim under Illinois law, Defendants cannot rely on the statute of limitations as a defense to Plaintiff's claims regarding the 98-99 Autoracks. Thus, the Court is of the opinion that Defendants' Motion for Partial Judgment on the Pleadings should be DENIED.

Therefore, the Court ORDERS that the Magistrate Judge's Findings, Conclusions, and Recommendation (Docket No. 45) is REJECTED and Defendants' Motion for Partial Judgment on the Pleadings (Docket No. 31) is DENIED.

As a final note, the Court expresses its gratitute to counsel for both sides for their outstanding briefing and oral presentations.  It is work of the highest order.

Signed this 31ˢᵗ day of March, 2009.

ROYAL FURGESON
UNITED STATES DISTRICT JUDGE